UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MICHAEL LAMAR RHYMES, )
   )
   Petitioner, ) 3:06-cv-00652-RCJ-VPC
   )
vs. ) **ORDER**
   )
JACK PALMER, *et al.*, )
   )
   Respondents. )
_____/

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. This action is before the Court for decision on the merits of the petition.

**I. Background and Procedural History**

On March 26, 2003, petitioner was found guilty by a jury of one count of lewdness with a minor under the age of fourteen. (Exhibit 9).[1] On August 5, 2003, petitioner was sentenced

---

[1] The exhibits referenced in this order are found in the Court's record at Docket #14.

to a prison term of life with parole eligibility after ten years.  The judgment of conviction was entered on August 7, 2003.  (Exhibit 10).

Petitioner appealed his conviction with the assistance of counsel.  (Exhibits 11, 12, 13).  Petitioner presented one issue on appeal: Whether the district court erred in allowing testimony of other bad acts alleged to have been committed by the appellant.  (Exhibit 13).  On March 24, 2005, the Nevada Supreme Court filed its opinion affirming the conviction.  (Exhibit 15; *Rhymes v. State*, 121 Nev. 17, 107 P.3d 1278 (2005)).  Remittitur was issued on April 21, 2005.  (Exhibit 16).

Petitioner filed a post-conviction petition for a writ of habeas corpus in the state district court on March 30, 2006.  (Exhibit 18).  On May 12, 2006, the state district court entered an order denying the petition.  (Exhibit 20).  Petitioner appealed the denial of his state habeas petition.  (Exhibit 21).  The Nevada Supreme Court entered an order of affirmance on October 17, 2006.  (Exhibit 22).  Remittitur issued on November 17, 2006.  (Exhibit 23).

On November 7, 2006, petitioner dispatched his federal habeas petition to this Court.  (Petition, Docket #1, at p. 1).  The petition alleges exactly the same grounds for relief as were set forth in his state habeas petition.  (Federal Habeas Petition, Docket #1; State Habeas Petition, Exhibit 18).  Respondents filed an answer on June 19, 2007.  (Docket #13).  No reply was filed.

**II.  Federal Habeas Corpus Standards**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. § 2254(d), provides the legal standard for the Court's consideration of this habeas petition:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693-694 (2002). A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor,* 529 U.S. 362, 405-406 (2000) and citing *Bell v. Cone,* 535 U.S. 685, 694 (2002)).

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade,* 538 U.S. at 75 (quoting *Williams*, 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than merely incorrect or erroneous; the state court's application of clearly established federal law must be objectively unreasonable. *Id.* (quoting *Williams*, 529 U.S. at 409).

In determining whether a state court decision is contrary to, or an unreasonable application of federal law, this Court looks to the state courts' last reasoned decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000), *cert. denied*, 534 U.S. 944 (2001). Moreover, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of

3

rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**III. Discussion**

    **A. Ineffective Assistance of Counsel Standard**

In the petition, petitioner argues that he received ineffective assistance of trial and appellate counsel. Several of petitioner's claims overlap and repeat, thus the Court addresses the issues that petitioner raises in his petition, not by numbered grounds, but by the subject matter of the claims.

Ineffective assistance of counsel claims are governed by the two-part test announced in *Strickland v. Washington,* 466 U.S. 668 (1984). In *Strickland*, the Supreme Court held that a petitioner claiming ineffective assistance of counsel has the burden of demonstrating that (1) the attorney made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment, and (2) that the deficient performance prejudiced the defense. *Williams v. Taylor,* 529 U.S. 362, 390-391 (2000) (citing *Strickland,* 466 U.S. at 687). To establish ineffectiveness, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Id.* To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A reasonable probability is "probability sufficient to undermine confidence in the outcome." *Id.* Additionally, any review of the attorney's performance must be "highly deferential" and must adopt counsel's perspective at the time of the challenged conduct, in order to avoid the distorting effects of hindsight. *Strickland,* 466 U.S. at 689. It is the petitioner's burden to overcome the presumption that counsel's actions might be considered sound trial strategy. *Id.*

Ineffective assistance of counsel under *Strickland* requires a showing of deficient performance of counsel resulting in prejudice, "with performance being measured against an

'objective standard of reasonableness,'. . . 'under prevailing professional norms.'" *Rompilla v. Beard,* 545 U.S. 374, 380 (2005) (quotations omitted).  If the state court has already rejected an ineffective assistance claim, a federal habeas court may only grant relief if that decision was contrary to, or an unreasonable application of the *Strickland* standard.  *See Yarborough v. Gentry,* 540 U.S. 1, 5 (2003).  There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  *Id.*

Finally, the *Strickland* standard applies to challenges of effective appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000).  Appellate counsel has no constitutional duty to raise every non-frivolous issue requested by the client.  *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983).

**B. Claim of Insufficiency of the Evidence and Existence of Reasonable Doubt**

Petitioner claims that appellate counsel was ineffective for failing to raise the issue of insufficiency of the evidence on direct appeal.  Petitioner argues that he was found guilty, even though reasonable doubt existed as to the elements of the crimes charged.

When a habeas petitioner challenges the sufficiency of evidence to support his conviction, the court reviews the record to determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Jones v. Wood*, 207 F.3d 557, 563 (9th Cir. 2000).  The court must assume that the jury resolved any evidentiary conflicts in favor of the prosecution, and the court must defer to that resolution. *Jackson*, 443 U.S. at 326; *Schell v. Witek*, 218 F.3d 1017, 1023 (9th Cir. 2000) (*en banc*).  The credibility of witnesses is beyond the scope of the court's review of the sufficiency of the evidence. *See Schlup v. Delo*, 513 U.S. 298, 330 (1995).  Under the *Jackson* standard, the prosecution has no obligation to rule out every hypothesis except guilt.  *Wright v. West*, 505 U.S. 277, 296 (1992) (plurality opinion); *Jackson*, 443 U.S. at 326;  *Schell*, 218 F.3d at 1023.  *Jackson* presents "a high

1  standard" to habeas petitioners claiming insufficiency of evidence. *Jones v. Wood*, 207 F.3d 557,

2  563 (9th Cir. 2000).

3          The Nevada Supreme Court addressed the claim that appellate counsel was

4  ineffective for failing to raise the issue of insufficiency of the evidence, as follows:

> First, appellant claimed that his appellate counsel was ineffective for failing to argue that there was insufficient evidence to support his conviction for lewdness with a minor and that reasonable doubt existed. Specifically, appellant claimed that counsel should have argued that the State did not prove all elements of the lewdness: (1) the State failed to prove that appellant pulled down the victim's pajama bottoms, and (2) the State failed to show lewd touching. Appellant has failed to demonstrate that counsel's performance was deficient or that his claim had a reasonable probability of success on appeal. The "testimony of a sexual assault victim alone is sufficient to uphold a conviction" provided that the victim testifies to the incident with some particularity. [Footnote 5: <u>LaPierre v. State</u>, 108 Nev. 528, 531, 836 P.2d 56, 58 (1992)]. The victim testified that she was awakened by her pajama pants being pulled down. Appellant was lying beside her, facing her. He apologized for waking her and then threw a blanket over her. Appellant then began to massage the victim's lower thigh. The other children in the room were asleep, so appellant was the only person in the room that had the opportunity to pull the victim's pajama bottoms down. The jury could have reasonably determined in light of the victim's testimony that appellant committed, a lewd and lascivious act "upon or with the body" of the victim "with the intent of arousing, appealing to, or gratifying the lust of passions" of either appellant or the child. (Footnote 6: 201.230(1)].

17  (Exhibit 22, at pp. 2-3). This Court has reviewed the relevant parts of the record and finds that the

18  Nevada Supreme Court applied the correct standard to the facts of the case and was reasonable in its

19  decision to sustain petitioner's convictions. The factual findings of the state court are presumed

20  correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving that the state

21  court's ruling was contrary to, or involved an unreasonable application of, clearly established federal

22  law, as determined by the United States Supreme Court, or that the ruling was based on an

23  unreasonable determination of the facts in light of the evidence presented in the state court

24  proceeding. This Court will deny habeas relief as to petitioner's claim of ineffective assistance of

25  counsel and insufficiency of the evidence.

26

### C. Admission of Prior Bad Acts

Petitioner complains of ineffective assistance of counsel concerning the state district court's procedure for admitting prior bad act evidence. The Nevada Supreme Court addressed the prior bad act claim as follows:

> In the instant case, we conclude that the trial court did conduct a hearing to determine the admissibility of the evidence. During the course of the hearing, the district court found the prior bad acts testimony to be relevant as to both intent and similarity and found the evidence to be more probative than prejudicial. However, we conclude that the district court erred in failing to make a determination that the prior bad acts were proven by clear and convincing evidence. Despite this omission, we conclude that such a finding can be implied from the district court's findings, and the trial court properly admitted the prior bad acts evidence in this instance. The record sufficiently establishes the occurrence of the collateral acts by clear and convincing evidence.
>
> In this case, the prior bad acts involved situations wherein Rhymes used his skills as a masseur to gain sexual access to his victims. When the victim in this case awoke to find her pajamas pulled down and Rhymes lying beside her, he began to discuss his employment as a masseur and began massaging the victim's leg. This demonstrates a strong similarity between the prior acts and those involved in the present case. It is notable that the prior bad acts occurred very close in time to the acts charged in the instant case, further demonstrating Rhymes' intent to use his skills as a masseur to facilitate sexual contact with his potential victims.
>
> As a result, the district court determined that the evidence was relevant and allowed it to be admitted. Moreover, after listening to the arguments made by the State and by Rhymes, the court acknowledged that while ordinarily such evidence would not be admitted, in this particular instance the State's arguments were compelling and, therefore, the evidence was admissible. Because the decision was not manifestly erroneous, this court concludes that the evidence of uncharged bad acts was properly admitted in this case.

(Exhibit 15, at pp. 6-7). Petitioner's claims concern the admissibility of evidence at issue. Issues of state law, such as those concerning the admissibility of evidence, are outside the scope of federal habeas corpus review. *Estelle v. McGuire*, 502 U.S. 62, 72 (1992).

Regarding petitioner's claims of ineffectiveness of counsel concerning the state district court's procedure for admitting prior bad act evidence, the Nevada Supreme Court addressed each claim on the merits and rejected petitioner's arguments. (Exhibit 22, at pp. 4-5). The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. This Court will deny habeas relief on petitioner's claim that he received ineffective assistance of counsel regarding the admission of prior bad act evidence. Moreover, the Court denies habeas relief on petitioner's claims that he received ineffective assistance of counsel at any stage of state court proceedings.

**IV. Certificate of Appealability**

In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a

notice of appeal and request for certificate of appealability to be filed. Rule 11(a). This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The Court will therefore deny petitioner a certificate of appealability.

**V. Conclusion**

  **IT IS THEREFORE ORDERED** that the petition for a writ of habeas corpus is **DENIED IN ITS ENTIRETY**.

  **IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

  **IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

  DATED this 10th day of February, 2010.

          _____
          UNITED STATES DISTRICT JUDGE