UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MICHAEL LAMAR RHYMES,

    Petitioner,

vs.

JACK PALMER, *et al.*,

    Respondents.

3:06-cv-00652-RCJ-VPC

**ORDER**

This is a closed habeas corpus action. On February 10, 2010, this habeas corpus action was dismissed with prejudice and judgment was entered. (ECF Nos. 27 & 28). This Court has previously denied petitioner a certificate of appealability. (ECF No. 17). By order filed November 29, 2010, this Court granted petitioner's motion to proceed *in forma pauperis* on appeal. (ECF No. 23).

On August 23, 2011, petitioner filed a motion for amendment or alteration of judgment (ECF No. 27) and a motion for clarification (ECF No. 28). Respondents have filed an opposition to the motion for amendment or alteration of judgment. (ECF No. 29).

Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir.

2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999). Federal courts have determined that there are four grounds for granting a Rule 59(e) motion: (1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law. *Turner v. Burlington Northern Santa Fe R. Co.*, 338 F.3d 1058 (9th Cir. 2003).

In the instant case, this Court properly entered judgment dismissing this action in the order filed February 10, 2010. (ECF No. 17). Petitioner's motion to alter or amend judgment is untimely by more than 17 months. Moreover, in his motion to vacate judgment, plaintiff has not identified any mistake, intervening change in controlling law, or other factor that would require vacating the judgment. Plaintiff has not shown that manifest injustice resulted from dismissal of the action. Plaintiff also has not presented newly discovered or previously unavailable evidence. Plaintiff has failed to make an adequate showing under Rule 59(e) to justify granting his motion to alter or amend judgment.

On September 6, 2011, petitioner filed two motions for leave to proceed *in forma pauperis* on appeal. (ECF Nos. 31 & 32). By order filed November 29, 2010, this Court previously granted petitioner's motion to proceed in forma pauperis on appeal. As such, the September 6, 2011 motions are denied as moot.

**IT IS THEREFORE ORDERED** that plaintiff's motion to alter or amend judgment (ECF No. 27) is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's motion for clarification (ECF No. 28) is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's motions (ECF Nos. 31 & 32) for leave to proceed *in forma pauperis* on appeal are **DENIED as moot.**

DATED this 5th day of October, 2011.

_____
UNITED STATES DISTRICT JUDGE